UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11257
Summary Calendar
_____


VANDER P. HUMPHRIES,

Plaintiff-Appellant,

v.

COUNTY OF DEKALB, as a person; LIAN LEVETAN, in her official
capacity; LIAN LEVETAN, in her personal capacity; WINSTON P.
BETHEL, in his official capacity; WINSTON P. BETHEL, in his
personal capacity; JAMES HOWARD, in his official capacity; JAMES
HOWARD, in his personal capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:96-CV-1878-R)
_____

Decmeber 3, 1998
Before HIGGINBOTHAM, JONES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Vander P. Humphries, pro se, filed this § 1983 suit

against Dekalb County, Georgia, and three of its officials.  The

defendants never answered -- nor have they subsequently appeared.

When Humphries sought default judgments, the district court, on its

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

own motion, dismissed the case. After a limited remand, the district court specified that it dismissed the case "for lack of personal jurisdiction: the pro se plaintiff does not allege that the defendants, who reside in Dekalb County, Georgia, committed any acts in Texas that would subject them to the jurisdiction of this Court."[1]

Humphries argues on appeal that the district court improperly dismissed his case. In doing so, he refers to the "Diversity of Citizenship Clause" in the United States Constitution. Unfortunately, Humphries has interchanged aspects of subject-matter jurisdiction with personal jurisdiction. Diversity jurisdiction empowers federal courts to hear cases involving matters of state law if the parties are from different states. Here, Humphries's § 1983 claim is a matter of federal law. Federal district courts have subject-matter jurisdiction over his suit.

Whether any particular district court, however, has jurisdiction over the defendants is a separate issue. It is well-established that the defendants have a due process right not to be haled into a court located in a state with which they have not had

_____

[1] Alternatively, the district court dismissed the case for failure to serve the defendants with process within 120 days after filing the complaint. This flowed from the district court's prior determination that Humphries's returns of service were fraudulent. Because we resolve this case on the basis of personal jurisdiction, we need not reach any questions about service of process.

In its order upon limited remand, the district court also vacated its prior imposition of sanctions, mooting another issue that was initially briefed in this appeal.

sufficient "minimum contacts" to demonstrate that "the maintenance of the suit [there] does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945) (internal quotation omitted). The defendants' minimum contacts with the forum state may be so "continuous and systematic" as to allow jurisdiction over any claim, or may be specifically related to the genesis of the cause of action itself. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15, 104 S. Ct. 1868, 1872 (1984).

In this suit, Humphries has not alleged any contacts whatsoever by the Georgia defendants with Texas. There can be no doubt that the defendants have not had the contacts with Texas necessary to meet the high threshold of general jurisdiction. See Jones v. Petty-Ray Geophysical, Geosource, Inc., 954 F.2d 1061, 1068 (5th Cir. 1992) (general jurisdiction requires "a showing of substantial activities in the forum state"). Furthermore, the events giving rise to Humphries's cause of action all occurred in Georgia, so they cannot supply the grounds for specific jurisdiction; there is no claim that the defendants "'purposefully avail[ed]' [themselves] of the privilege of conducting activities" in Texas. Id. The only contact with Texas here appears to be Humphries's, which cannot suffice to bring the defendants within the district court's jurisdiction. See Irving v. Owens-Corning Fiberglas Corp., 864 F.2d 383, 385 (5th Cir. 1989) (contact must

3

"spring from the defendant's purposeful conduct rather than the plaintiff's unilateral activities").

Although pro se plaintiffs are generally given "every reasonable opportunity to amend" their pleadings, Peña v. United States, 157 F.3d 984, 987 n.3 (5th Cir. 1998), that is unnecessary when the opportunity would be futile.

We cannot conclude that the district court abused its discretion in refusing to grant Humphries a default judgment. Nothing in the language of Fed. R. Civ. P. 55(b)(2) precludes consideration of personal jurisdiction by the court. Indeed, any default judgment entered by the district court in the absence of personal jurisdiction over the defendants would be void. See Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind, 841 F.2d 646, 649 (5th Cir. 1988).

Because Humphries has not shown any contacts by the defendants with the forum state, the district court had no personal jurisdiction over the defendants. Accordingly, the district court's dismissal is AFFIRMED.